NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RALPH KIETT, JR., | : | |
| Plaintiff, | : | Civil No. 13-5650 (JBS) |
| v. | : | |
| STATE OF NEW JERSEY, | : | **OPINION** |
| Defendant. | : | |

**APPEARANCES:**

Ralph Kiett, Jr., *Pro Se*
#  202244/047670B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

Plaintiff, Ralph Kiett, Jr., confined at the South Woods State Prison, Bridgeton, New Jersey, submitted a civil Complaint alleging violations of his constitutional rights and an application to proceed *in forma pauperis* ("IFP"). Based on the submissions, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim.

## **BACKGROUND**

Plaintiff's complaint consists of two paragraphs. He states that he has been illegally incarcerated for more than thirty years due to being tried as an adult without a valid waiver when he was a juvenile. Plaintiff seeks release from incarceration, expungement of his conviction, and monetary damages for this alleged violation of his due process rights.

## **DISCUSSION**

### 1. **Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted,

2

or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3. Plaintiff's Complaint Must Be Dismissed.**

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In *Preiser*, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of

Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. *See* 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. *See* 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

5

*Id.* at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006)

6

(quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

Here, until Plaintiff's criminal conviction is invalidated, any § 1983 action challenging the conviction and seeking a remedy is unenforceable. Plaintiff cannot have his conviction overturned in this § 1983 action, nor can he collect monetary damages prior to his conviction being invalidated through habeas relief or otherwise. Therefore, the complaint must be dismissed without prejudice.[2]

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to Plaintiff filing a motion to reopen and attaching an Amended Complaint to address the deficiencies set forth in this Opinion.

An appropriate Order follows.

                                **s/ Jerome B. Simandle**
                                JEROME B. SIMANDLE, Chief Judge
                                United States District Court

Dated:    **June 19, 2014**

---

[2] The Court also notes that Plaintiff has named an immune defendant. Unless a state clearly waives sovereign immunity or the Congress abrogates it, the Eleventh Amendment precludes all claims against a state for monetary damages. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) ("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").